**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

SIERRA CLUB, INC.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No: 6:14-cv-1877-Orl-40DAB

ST. JOHNS RIVER WATER
MANAGEMENT DISTRICT, et al.,

    Defendants.
_____

## ORDER

This cause comes before the Court on Defendant Army Corps of Engineers' (the "Corps") Motion to Remand Decision for Further Analysis (the "Motion") (Doc. 96), filed January 22, 2016. Defendant St. John's Water Management District (the "District"), Intervenor Miami Corporation, and Plaintiff Sierra Club all filed responses, (Docs. 97–99), to which the Corps replied, (Doc. 102). For the reasons that follow, the Court will grant the Motion.

**I.　BACKGROUND**

Sierra Club objects to several actions by the Corps, Miami Corporation, and the District as they pertain to the Farmton Mitigation Bank (the "FMB").[1] The Corps now moves the Court to remand the Corps' October 1, 2013 decision modifying the FMB's mitigation banking instrument (the "MBI") for environmental analysis pursuant to the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370h. (Doc. 96, p. 1).

---

[1] This Court's November 6, 2015 Order (Doc. 88) provides an extensive description of the factual and procedural background of this dispute.

Additionally, the Corps asks the Court to stay these proceedings until the Corps completes its environmental analysis. (*Id.*).

## II. ANALYSIS

Each party to this matter requests different relief. The Corps asks the Court to stay these proceedings and remand the October 1, 2013 MBI. (*Id.*). Sierra Club objects to the Corps' requested remand, asserting that the scope of the remand would be too narrow, that remand would violate NEPA since the statute requires environmental review prior to an action, and that if the Court grants a remand, it should vacate the October 1, 2013 MBI and compel the Corps to conduct a Clean Water Act ("CWA") review alongside its NEPA review. (Doc. 97, pp. 2–16). Miami Corporation suggests that the Court should remand the NEPA question to the Corps, dismiss the claims against the Corps without prejudice, and grant it and the District leave to file dispositive motions. (Doc. 98, p. 8). Finally, the District asks the Court to allow the claims against it to proceed because they present "straightforward legal dispute[s]." (Doc. 99, pp. 4–5).

Voluntary remand is a remedy that allows courts to remand an agency decision back to the agency for reconsideration in lieu of final judicial consideration of the merits. Courts "commonly grant such motions, preferring to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993); *see also Ford Motor Co. v. NLRB*, 305 U.S. 364, 375 (1939) ("There is nothing . . . in the principles governing judicial review of administrative action, which precludes the court from giving an administrative body an opportunity to meet objections to its order by correcting irregularities in procedure . . . or making

additional findings where these are necessary, or supplying findings validly made in the place of those attacked as invalid."). If an agency's concern is "substantial and legitimate," courts usually grant a remand so long as "the agency's request is [not] frivolous or in bad faith." *SKF USA, Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). Authority to remand a decision to an agency derives from a federal court's inherent ability to "adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action." *Ford Motor Co.*, 305 U.S. at 373. Courts in the Eleventh Circuit routinely remand and stay proceedings at the request of an agency. *See, e.g.*, *Ala. Envtl. Council. v. EPA*, 711 F.3d 1277, 1288–89 (11th Cir. 2013) (remanding a Clean Air Act decision to the EPA); *Nat'l Parks Conservation Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 574 F. Supp. 2d 1314, 1318 (S.D. Fla. 2008) (remanding a CWA and NEPA decision to the Corps).

If a court decides to remand a decision to an agency, it may either leave the original agency decision intact or it may vacate it. *See Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Eng'rs*, 781 F.3d 1271, 1289–90 (11th Cir. 2015) ("The decision whether to vacate agency action falls within our broad equitable discretion."). Remand without vacatur is particularly appropriate "where it is not at all clear that the agency's error incurably tainted the agency's decisionmaking process." *Id.* at 1290. Since determining whether to vacate an agency decision requires courts to "balance the equities," the Eleventh Circuit has adopted the United States Court of Appeals for the District of Columbia Circuit's test to guide district courts. *Id.* "That test considers 'the seriousness of the order's deficiencies (and thus the extent of doubt whether the agency chose correctly) and the disruptive consequences of an interim change that may itself be

changed.'" *Id.* (quoting *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993)).

A court may stay a proceeding pending resolution of a related issue for a variety of reasons. *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam). A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). When crafting a stay order, "the district court must limit properly the scope of the stay" such that it is not "immoderate." *Ortega Trujillo*, 211 F.3d at 1264.

In order to conserve judicial resources, narrow or eliminate the issues at stake in this litigation, and allow the Corps to supplement the record, the Court will remand the October 1, 2013 MBI to the Corps for NEPA review. Granting the Corps' voluntary remand has the potential to reduce, if not entirely resolve, the NEPA issues before the Court. Indeed, had the Court ultimately decided that the Corps violated NEPA, the appropriate remedy would be to remand to the Corps for further proceedings consistent with NEPA, belying Sierra Club's argument that a remand would violate NEPA. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("[I]f the agency has not considered all relevant factors . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."); *Protect Key West, Inc. v. Cheney*, 795 F. Supp. 1552, 1563 (S.D. Fla. 1992) ("Therefore, a remand to the agency for further proceedings consistent with NEPA and this opinion is appropriate."). Sierra Club's protests concerning the anticipated scope of the Corps' NEPA analysis are premature, considering that Sierra Club will be permitted to participate and comment during the Corps' NEPA review. And if after the NEPA review Sierra Club is still dissatisfied with

the scope and substance of the Corps' findings, Sierra Club may challenge those findings in this or another proceeding. Nor is the Court convinced that the Corps has predetermined the outcome of its NEPA review. Other than simply asserting that "[t]he Corps has tied itself to its initial decision," Sierra Club gives the Court no reason to believe that the Corps will not conduct a thorough and complete NEPA review. (Doc. 97, p. 16). Finally, the Corps' request to re-evaluate its decision under NEPA but not the CWA does not prevent the Court from issuing this remand order. Nothing prevents Sierra Club from continuing to maintain its CWA claims in this litigation, and the Corps' NEPA review will not change that fact. Accordingly, the Court will remand this matter to the Corps for further review in accordance with NEPA.

Although the Court will remand the October 1, 2013 MBI to the Corps, the Court will leave that decision undisturbed for the time being. Both the possible disruptive consequences of vacating the Corps' action and the Court's uncertainty at this stage of the lawsuit as to whether the Corps' actions violated NEPA or the CWA counsel in favor of maintaining the status quo during the pendency of the Corps' review. Vacating the October 1, 2013 MBI would allow the FMB to sell more mitigation credits than are actually available, which would undercut the FMB's ability to accurately offer mitigation credits to potential buyers. Though Sierra Club dismisses this concern as "an obsession with credits," allowing a mitigation bank to oversell its available credits would defeat the purpose of the federal mitigation banking scheme. (*Id.* at p. 17). Further, "it is not at all clear that the agency's error incurably tainted the agency's decisionmaking process," since NEPA review may reveal no significant impacts on the environment. *Black Warrior Riverkeeper*, 781 F.3d at 1290. Were the Court to discard the October 1, 2013 MBI, a

subsequent NEPA review finding of no significant impact could revive that same document less than six months later. In an effort to avoid "the disruptive consequences of an interim change that may itself be changed," *id.*, and cognizant of the fact that vacatur of the October 1, 2013 MBI will still be an available remedy if Sierra Club later succeeds on the merits, the Court will leave the October 1, 2013 MBI in place during the course of the Corps' environmental review.

The Court will additionally stay this litigation pending the Corps' NEPA review. While the Court appreciates the District's desire for finality, a stay is nonetheless warranted to avoid unnecessarily complicating this litigation, to preserve judicial resources, and because the Corps' upcoming NEPA review will undergird the Court's evaluation of all of Sierra Club's NEPA claims, including those against the District. Even if the District is correct in arguing that NEPA is not directly applicable to its actions at bar, if the Corps is found to have violated NEPA in some way, that could implicate Miami Corporation and the District given the interwoven nature of the parties' actions and relationships. Further, this stay should be relatively short, as the Corps "anticipates that the NEPA process will take approximately six months." (Doc. 96, p. 3). In the event the NEPA process continues for longer than six months, the Court will entertain a motion to lift this stay and allow the claims against the District to proceed. Accordingly, the Court will stay the entirety of this case pending the outcome of the Corps' NEPA review.

### III.  CONCLUSION

In conclusion, the Court will remand the October 1, 2013 MBI to the Corps for NEPA review and will stay these proceedings until the conclusion of that review. Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

-7-

1. Defendant United States Army Corps of Engineers' Motion to Remand Decision for Further Analysis (Doc. 96) is **GRANTED**. The Court remands this matter to the United States Army Corps of Engineers for further proceedings consistent with NEPA and this Order.

2. This case is **STAYED** pending the United States Army Corps of Engineers' environmental review. The Clerk of Court is therefore **DIRECTED** to administratively close the file.

3. Upon completion of its environmental review, the United States Army Corps of Engineers is **DIRECTED** to promptly file a motion to re-open the case and, thereafter, promptly file the updated administrative record with the Court, including the results of the environmental review.

4. The parties are **DIRECTED** to file a joint status report with the Court on June 5, 2016 and every sixty (60) days thereafter until the Corps' environmental review has concluded.

**DONE AND ORDERED** in Orlando, Florida on this 4th day of April, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record